UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION


B. LYNN CALLAWAY as Trustee
for the Compount Trust; B. LYNN
CALLAWAY, individually; NOEL D.
CLARK, JR., individually; and K.A. DELAET,
individually former stock holder of
Dirt Cheap Enterprises, Inc.,

    Plaintiffs,

v.                                              CASE NO. 2:11-CV-85-FtM-99DNF

LESTER HORNBAKE in his official capacity
as Head of Desoto County Building and Zoning;
LESTER HORNBAKE, individually; DESOTO
COUNTY BOARD OF COUNTY
COMMISSIONERS or alternatively BUDDY
MANSFIELD; JAMES SELPH; JUDY
SCHAEFER; ELTON A. LANGFORD; and
RONALD NEADS in their official capacities as
Commissioners of Desoto County;
KIMBERLEY ROUTT, individually; SANDRA
GREEN, individually; and NEW KEEN, official
property appraiser,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Motion to Dismiss filed by Defendants Lester Hornbake, individually and in his official capacity, the Desoto County Board of County Commissioners, or Buddy Mansfield, James Selph, Judy Schaefer, Elton Langford and Ronald Neads (Dkt. 14). Plaintiffs filed a response in opposition (Dkt. 24). For the reasons stated below, the Court will grant Defendants' Motion to Dismiss.

**I.    BACKGROUND**

As alleged in the Complaint, Callaway and Clark were working on the Trust's property at 3132 and 3172 SW Highway 17 in Arcadia, Florida (Dkt. 1, ¶27). They were cleaning and clearing the grounds of debris to use the property to open Dirt Cheap Enterprises, Inc. ("Dirt Cheap"). *Id*. Callaway went to the Desoto County Building and Zoning office and informed them of the plans to clear the property. *Id*. at ¶28. She asked if any permits were required to do the work on the property. *Id*. She was informed that she needed an electrical permit, but not a permit to replace an existing canopy and cornice on the property. *Id*. at ¶29. Callaway purchased the electrical permit and materials to do the project. *Id*. at ¶30.

Callaway and Clark began the project on the property and started removing the old canopy and cornice. *Id*. at ¶31. Upon learning of the project, Hornbake told Callaway that she would need to obtain a building permit for the work done on the canopy. *Id*. at ¶33. Callaway purchased the building, or owner's permit. *Id*. at ¶34.

Following this purchase, the County then required Callaway to retain an engineer for replacing the canopy. *Id*. at ¶35. Callaway hired an engineer. *Id*. at ¶36. The engineer signed off on the project and provided the specifications for the work on the canopy. *Id*. at ¶37. Hornbake then issued the permits for Callaway and Clark to finish the project. *Id*. With the permits, Callaway and Clark restarted the project. *Id*. at ¶38.

Although there were no additional people working on the canopy, Hornbake then required Callaway to retain a licensed contractor for the work on the canopy. *Id*. at ¶¶39-40. Callaway, however, did not hire a licensed contractor. *Id*. at 41. At the time, Callaway and Clark were at the point of "blacking in" the canopy for purposes of protecting their work from the weather. *Id*.

On February 24, 2009, Callaway and Clark were met by Routt and Green at the property. *Id*. at ¶45. Clark called the Sheriff who arrived and asked the ladies to leave the property. *Id*. at ¶46. Hornbake then arrived at the property and taped a "Stop Work Order" on the property. *Id*. at ¶¶47, 49, Ex. A. Callaway wanted to challenge the stop work order, but Hornbake ignored her requests. *Id*. at ¶50. While waiting to challenge the stop work order, the work on the property was destroyed due to the weather. *Id*. at ¶51. Callaway was never given a hearing. *Id*. Callaway was told not to touch the property before the County authorized it. *Id*. at ¶52.

Delaet put Hornbake and the County Building and Zoning office on notice about the loss of income from the prospective business of Dirt Cheap. *Id*. at ¶55.

## II. <u>PROCEDURAL HISTORY</u>

On February 24, 2011, Plaintiffs filed their complaint against Defendants. Plaintiffs allege the following claims in their complaint: 1) Count I - Deprivation of Constitutional Rights Under Color of Law against Hornbake as head of Building and Zoning for Desoto County, Florida; 2) Count II - Deprivation of Constitutional Rights Under Color of Law against Hornbake individually; 3) Count III - Deprivation of Constitutional Rights Under Color of Law against Desoto County Board of County Commissioners; 4) Count IV - Deprivation of Constitutional Rights Under Color of Law against Routt, individually; 5) Count V - Deprivation of Constitutional Rights Under Color of Law against Green, individually; 6) Count VI - Common Law Damages against Keen as the Desoto County Property Appraiser and Desoto County Board of County Commissioners; 7) Count VII - Libel Per Se against all Defendants in their official and individual capacities; 8) Count VIII - Defamation of Name, Credit, Reputation, Business Relations and Livelihood against all Defendants

in their official and individual capacities; and 9) Count IX - Loss of Business and Livelihood by Delaet against all Defendants.

## III. STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1) - Lack of Standing/Subject Matter Jurisdiction

"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.3d 1190, 1203 n. 42 (11th Cir. 1991); *see Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)(same). As standing is such a critical jurisdictional doctrine, the Court must consider it first. *Id*. (citing *Bischoff v. Osceola County*, 222 F.3d 874, 877-78 (11th Cir. 2000)). If a district court determines that there is no standing and, thus, no subject matter jurisdiction, it cannot hear the merits of the case. *Id.* at 974-75 (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). To meet the standing requirements of Article III, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief . . . [The Court] ha[s] consistently stressed that a plaintiff's complaint must establish that he has a 'personal state' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 818-19, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997); *see Lujuan v. Defenders of Wildlife*, 504 U.S. 555, 560 n. 1, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)("By particularized, we mean that the injury must affect the plaintiff in a personal and individual way.").

### B. Federal Rule of Civil Procedure 12(b)(6) - Failure to State a Claim Upon Which Relief Can Be Granted

To survive a motion to dismiss, a pleading must include a "'short and plain statement showing that the pleader is entitled to relief.'" *Ashcroft, et al. v. Iqbal, et al.*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)(quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp, et al. v. Twombly, et al.*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Mere naked assertions, too, are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*. at 1950. Therefore, "only a claim that states a plausible claim for relief survives a motion to dismiss." *Id*. (citation omitted).

## IV. <u>LEGAL ANALYSIS</u>

### A. **Plaintiff Callaway as the Trustee of the Compound**

Generally, the Eleventh Circuit has found that certain entities, such as corporations, cannot proceed *pro se* in federal court; instead, such entities must be represented by counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Like corporations, trusts must be represented by counsel as well. *See U.S. v. Lena*, No. 05-80669-CIV, 2007 WL 4578336, at *1 (S.D. Fla. Dec. 27, 2007)(finding that there was "no reason to make a distinction between a trust and a corporation for purposes of the right of self-representation . . . ."); *EHOF Trust v. S & A Capital Partners, Inc.*, 947 So.2d 606 (Fla. Dist. Ct. App. 2007)(finding that a non-lawyer attorney engaged in the unauthorized practice of law by representing a trust); *see also In re Hamblen*, 360 B.R. 362,

365-66 (N.D. Ga. 2006)(holding that trusts cannot proceed *pro se* in federal court). Therefore, a non-lawyer cannot represent a trust in litigation.

Plaintiff Callaway attempts to assert claims in this case as a trustee of Compound Trust. Furthermore, she attempts to proceed *pro se* in her official capacity as a trustee. However, it does not appear that Plaintiff Callaway is an attorney who has the authority to represent Compound Trust in this litigation. To the extent that Plaintiff Callaway brings claims on behalf of Compound Trust, the Court holds that Plaintiff Callaway cannot proceed *pro se,* but must be represented by counsel.

**B.     Standing**

Defendant Hornbake and the Board's first argument to dismiss Plaintiffs' complaint is that Plaintiffs do not have standing to bring their claims against Defendants (Dkt. 14, p. 5). As to Plaintiff Delaet, Defendants argue that she does not own the property that is the center of the dispute and although she is listed as a former stockholder, there is nothing in the record demonstrating that Delaet was ever issued any stock in Dirt Cheap. *Id*. at p.6. Furthermore, as a stockholder, Delaet should have brought a derivative action and can only sue in her individual capacity if there was a harm specific to her. *Id*. As to Plaintiffs Callaway and Clark, Defendants recognize that they were officers of Dirt Cheap, but argue that Callaway and Clark cannot sue individually for harms done to the corporation. *Id*. at pp. 6-7. All Plaintiffs seek personal damages and not damages for the corporation.

In opposition, Plaintiffs do not address the issue of standing. First, Plaintiffs argue that no evidence is required at this stage of the litigation, and they are only required to comply with Federal Rule of Civil Procedure 8 (Dkt. 24, p. 2). Second, Plaintiffs emphasize that Delaet was a principal

of Dirt Cheap, which is now dissolved, and seeks personal income. *Id*. Third, Plaintiffs argue that Defendants' attorney is merely testifying on behalf of Defendants. *Id*. The Court agrees with Defendants' argument**.**

### 1. **Plaintiff Delaet**

First, there is nothing in the record demonstrating that Delaet is a principal or former stockholder of Dirt Cheap. Because Defendants have challenged Delaet's standing as a former stockholder, she will need to come forth with evidence to demonstrate her standing.

Second, even assuming that Delaet can demonstrate that she was a stockholder of Dirt Cheap, the proper course of legal action is not to sue in her individual capacity as a "former stockholder." "Under Florida law a shareholder cannot sue in the shareholder's name for injuries to a corporation unless there is a special duty between the wrongdoer and the shareholder, and the shareholder has suffered an injury separate and distinct from that suffered by other shareholders." *North Atlantic Marine, Ltd. v. Sealine Int'l, Ltd.*, No. 06-20200-CIV, 2007 WL 5298433, at *13 (S.D. Fla. Mar. 29, 2007)(citing *Braun v. Buyers Choice Mortgage Corp. ex rel. McAloon*, 851 So.2d 199, 203 (Fla. 4th DCA 2003); *Alario v. Miller*, 354 So.2d 925, 926 (Fla. 2d DCA 1978). Failing to plead that there was a special duty between the shareholder and Defendants or to plead an injury or wrong that occurred to him as opposed to the corporation may result in a dismissal. *See id*. at *14 ("This Court finds that Hershey has failed to allege the existence of any special duty between him and the Defendants, nor has he pled an injury or wrong that has occurred to him as opposed to Freedom Marine."); *see also U.S. v. Palmer*, 578 F.2d 144, 145-45 (5th Cir. 1978)[1]("The

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. Prichard*, 661
(continued...)

law is clear that only a corporation and not its shareholders, not even a sole shareholder, can complain of an injury sustained by, or a wrong done to, the corporation."); *Schaffer v. Universal Rundle Corp.*, 397 F.2d 893, 896 (5th Cir. 1968)("The general rule is, of course, well established that an action to redress injuries to a corporation, whether arising out of contract or tort, cannot be maintained by a stockholder in his own name but must be brought in the name of the corporation, since the cause of action being in the corporation, the stockholder's right are merely derivative and can be asserted only though the corporation. The general rule is applicable in cases where the individual is the sole stockholder. The rule does not apply in a case where the stockholder shows a violation of a duty owed directly to him."); *Lincoln Oldsmobile, Inc. v. Branch*, 574 So.2d 1111, 1114 (Fla. 2d DCA 1990)(explaining that when the claim was for economic losses brought by a principal shareholder the court noted that the injury was to the corporation and not to the individual shareholder). This rule has been extended to civil rights actions brought by shareholders claiming injury to the corporation. *Cherry v. D.B. Zwirn Special Opportunities Fund*, 2009 U.S. Dist. LEXIS 124114 (M.D. Fla.); *see also Gregory v. Mitchell*, 634 F.2d 199,202 (5th Cir. 1981).

Here, Delaet seeks property damages of $500,000, loss of earnings and ability to earn of $1,000,000, punitive damages of $1,000,000, and for Count IX, $365,000 (Dkt. 1, pp. 19-30). There is nothing alleged in the complaint that makes Delaet's claim for damages separate from the injuries allegedly suffered by the Trust or Dirt Cheap. The Trust owns the property upon which Dirt Cheap was supposed to operate, but could not operate because the rehabilitative work could not be completed due to the stop work order issued by the County. Dirt Cheap was not able to operate and

---

[1](...continued)
F.2d 1206, 1209 (11th Cir. 1981).

gain any revenue due to the stop work order. As such, the Court will dismiss Delaet's claims as a stockholder because she cannot sue in her individual capacity unless she alleges that Defendants owed her a special duty that was breached and that she suffered harms specific to her.

### 2. Plaintiffs Callaway and Clark

First, Callaway and Clark cannot sue individually for harms sustained by the Trust or Dirt Cheap. Just like Delaet, Callaway and Clark, as individuals, cannot sue for injuries sustained by the Trust or the corporation.

Second, Callaway and Clark were officers of Dirt Cheap.[2] As officers, they may bring suit on behalf of the corporation. Pursuant to Fed. R. Civ. P. 17(b), the "capacity to sue or be sued is determined . . . for a corporation [is governed] by the law under which it was organized . . . ." Although administratively dissolved, the corporation may still sue and be sued. Florida is in the majority of states that follows a forgiving approach. *See Levine, et al. v. Levine, et al.*, 734 So.2d 1191, 1197 (Fla. 2d DCA 1999)(finding that the dismissal of dissolved corporation's lawsuit with prejudice was improper because a corporation may be reinstated at any time).[3] "Maintaining,

---

[2] The Court takes judicial notice of the fact that Callaway and Clark were officers of Dirt Cheap prior to its dissolution on September 25, 2009. *See* http://sunbiz.org/scripts/cordet.exe?action=DETFIL&inq_doc_number=P08000102165&inq_came_from=NAMFWD&cor_web_names_seq_number=0000&names_name_ind=N&names_cor_number=&names_name_seq=&names_name_ind=&names_comp_name=DIRTCHEAPENTERPRISES&names_filing_type=.

[3] *See* Fla. Stat. § 607.1421(3); *PBF of Fort Myers, Inc. v. D&K Partnership, et al.*, 890 So.2d 384, 385-86 (Fla. 2d DCA. 2004); *Allied Roofing Industries, Inc. v. Venegas*, 862 So.2d 6, 8 (Fla. 3d DCA 2003); *see also In re Bercu*, 293 B.R. 806, 810 (Bankr. M.D. Fla. 2003)("Florida law . . . does not require a corporation, which has been dissolved for failure to file annual reports, to seek reinstatement before it can sue."); *Nat'l Judgment Recovery Agency, Inc. v. Harris, et al.*, 826 So.2d 1034, 1035 (Fla. 4th DCA 2002)(holding that corporation that has been administratively dissolved may bring suit to wind up without reinstating).

(continued...)

defending or settling any proceeding" is not considered to be an activity constituting the transaction of business under Fla. Stat. § 607.1501(2)(a). *Selepro, Inc. v. Church*, 17 So.3d 1267, 1270 (Fla. 4th DCA. 2009). However, with the exception of derivative actions, an action to enforce corporate rights or to redress injuries to a corporation cannot be maintained by a stockholder in his own name, but must be brought in the name of the corporation itself. *Orlando Orange Groves Co. v. Hale*, 119 Fla. 159, 161 So. 284 (Fla. 1935).

Based on the allegations in the Complaint, Callaway and Clark do not have standing to bring claims for injuries suffered by Dirt Cheap or the Compound Trust. Callaway and Clark do not own the subject property upon which the alleged offenses occurred. They are corporate officers of Dirt Cheap, which also does not own the subject property. As noted above, Dirt Cheap and the Trust cannot proceed *pro se* and must be represented by counsel.

As a result of the above findings, the Court will dismiss the following claims without prejudice: Count I; Count II; Count III; Count IV; Count V; Count VI; and Count IX.

**C.     Failure to State a Claim (Libel Per Se and Defamation)**

Defendants also contend that Plaintiffs failed to state claims for libel per se and defamation (Dkt. 14, pp. 15-20). Plaintiffs' response failed to address Defendants' arguments that Plaintiffs have not stated claims upon which relief can be granted (Dkt. 24, pp. 10-11).

There is no indication that Plaintiffs' complied with the requirements for bringing a libel action against Defendants. In Florida, before any civil action is brought for publication for libel or slander, the plaintiff, at least five days before filing suit, must serve notice in writing on the

---

[3](...continued)

defendant, specifying the article or broadcast and the statements therein which she alleges to be false and defamatory. Fla. Stat. §770.01. Because Plaintiffs failed to comply with this requirement, it leads to the Court's second observation that Plaintiffs have not adequately identified what statements were made that would constitute libel per se or defamation.

By alleging their libel per se and defamation claims against all Defendants, Plaintiffs have not complied with Fed. R. Civ. P. 8. In the complaint, Plaintiffs state that Defendants caused or authorized false, libelous statements to deliberately subject Plaintiffs to being maliciously prosecuted and to suffer economic damages (Dkt. 1, ¶¶125-128). Further, Plaintiffs allege that they were publicly humiliated, falsely brought into public scandal, and suffered damages to their reputation in the community and with business associates by Defendants' defamatory statements. *Id*. at ¶¶ 131-132. It is unclear what defamatory or libelous statements were made against Plaintiffs and by whom. Without this information, Plaintiffs have not stated a cause of action upon which relief can be granted. *See Mid-Florida Television Corp. v. Boyle*, 467 So.2d 282, 283 (Fla. 1985)(pleading a claim for libel per se); *McCormick v. Miami Herald Pub. Co.*, 139 So.2d 197, 200 (Fla. 2d DCA 1962)(pleading a claim for libel per se); *see also Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1106 (Fla. 2008)(elements of a defamation). Therefore, Counts VII and VIII of the Complaint will be dismissed without prejudice.

Accordingly, it is hereby **ORDERED:**

**1.** Defendants' Motion to Dismiss (Dkt. 14) is **GRANTED**. Plaintiffs' Complaint (Dkt. 1) is **DISMISSED without prejudice**. Plaintiffs lack standing to assert the claims alleged in Counts I, II, III, IV, V, VI, and IX of the Complaint. Counts VII and VIII of the Complaint fail to state a claim upon which relief may be granted.

2. Plaintiffs are granted leave to file an Amended Complaint, which corrects the deficiencies identified in this Order, within **TWENTY-ONE(21) DAYS** from the date of this Order. Plaintiffs are reminded that **Counsel must be retained to represent a Trust and/or Corporation in federal court.**

**DONE AND ORDERED** at Ft. Myers, Florida, on February 1, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD AND UNREPRESENTED PARTIES